■ In the Matter of Advance Detective Bureau, Inc., Petitioner, v. John P. Lomenzo, as Secretary of State of the State of New York, Respondent.—

Determination of Secretary of State suspending the private investigator's license of the petitioner, unanimously annulled, on the law, with $50 costs to petitioner. The record lacks substantial evidence to support the determination of the Secretary of State. The petitioner, a corporation possessing a private investigator's license, was retained by an insurance company to investigate and report upon the activities of a certain workmen's compensation claimant. The petitioner employed one David Richardson, an independent investigator, for the surveillance and field work. Richardson had been employed previously by the petitioner, at the rate of "five or six cases a week or more", to make investigations for it, and the petitioner had the right to and did assume that he was competent and honest. Richardson orally reported to the petitioner that he had devoted six days to the surveillance of the particular claimant, who was the subject of the investigation; but, due to the carelessness of Richardson on identification of the individual, he had investigated and made observations concerning the activities of the wrong man. With the petitioner acting in apparent good faith, however, a written report, based upon Richardson's improper investigation, was prepared jointly by Richardson and a vice president of the petitioner and then transmitted by the petitioner to its client, the said insurance company. As a result of the incorrect report, the insurance company improperly suspended compensation payments to the workmen's compensation claimant, who made a complaint which resulted in the charges against the petitioner. The hearing officer, with adequate support in the record, found that Richardson "made his investigation and report on the basis of surmise, suspicion and assumption"; and that "the investigation, as conducted by * * * Richardson, was negligently and carelessly handled". The hearing officer further found that the petitioner "accepted the work done by Richardson without making any effort at verification as to the correctness thereof and proceeded to furnish a totally incorrect report * * * to the insurance carrier". On this basis, the Secretary of State directed the suspension of petitioner's license for a period of 21 days. The petitioner rendered the incorrect report to its client, without knowledge of its falsity or of Richardson's carelessness and error in his identification of the individual under investigation. The Attorney-General, however, contends that the petitioner was independently bound to check out details in its report and reasonably should be held to have known that the report mistakenly referred to the activities of a man other than the one that petitioner had been retained to investigate. But, the record lacks substantial evidence to sustain the position of the Attorney-General. The petitioner had a right to hire Richardson, who was also independently licensed as a private investigator by the Secretary of State, and under the circumstances, was entitled to rely upon Richardson's report. He was not its employee, but acted independently under his license as a private investigator. The petitioner did not participate in or knowingly ratify Richardson's careless acts. In the absence of evidence tending to charge petitioner with notice of the incompetency of Richardson, the petitioner should not be held answerable for his carelessness in this single case. Of course we agree with the contention of the Secretary of State that there is an imperative need on the part of a private investigator to exercise good faith and reasonable care in conducting investigations and in rendering reports and that lack of good faith or a failure to exercise due care would constitute "cause" for revocation or suspension of the investigator's license. (See General Business Law, § 74.) But the record here does not furnish any substantial basis for a determination that the petitioner acted in bad faith or failed to exercise the care reasonably required under the circumstances. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.